RALPH A. ZAPPALA, SBN 102052
ERIN S. SANCHEZ, SBN 238450
BUSBY ZAPPALA & SANCHEZ LLP
251 Lafayette Circle, Suite 350
Lafayette, CA 94549
Telephone: (925) 299-9600
Facsimile:     (925) 299-9608
rzappala@bzlawllp.com
esanchez@bzlawllp.com

Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTAIN SUMMIT FINANCIAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PayMitco LLC, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Mountain Summit Financial, Inc. ("MSF"), by and through counsel, states the following in support of its Complaint against Defendant PayMitco LLC ("PayMitco"):

## PARTIES

1. MSF is a tribal lending entity wholly owned by the Habematolel Pomo of Upper Lake ("Tribe"), a federally-recognized sovereign Indian Nation, and created under the laws of the Tribe. MSF's principal place of business is located on the Tribe's land located near Upper Lake, California.

2. PayMitco is a Florida limited liability company. Based on information and belief, PayMitco's members are domiciled in the United States but are not domiciled in the State of California.

# JURISDICTION

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this dispute involves citizens of different states and more than $75,000 is in controversy.

# INTRADISTRICT ASSIGNMENT

4. This action arises out of Lake County, California and is therefore properly assigned to the Eureka Division pursuant to Local Rule 3-2(f).

# FACTUAL ALLEGATIONS

5. PayMitco is a processor of automated clearing house and demand draft transactions.

6. Golden Valley Lending, Inc. ("GVL"), Majestic Lake Financial, Inc. ("MLF"), and Silver Cloud Financial, Inc. ("SCF") are also tribal lending entities that are wholly owned by the Tribe and created under the laws of the Tribe. GVL, MLF, and SCF's principle places of business are located on the Tribe's land located near Upper Lake, California.

7. MSF, GVL, MLF and SCF (collectively referred to as "Lenders") contracted with PayMitco to assist the Lenders in their short-term lending business operations by collecting electronic payments from the accounts of the Lenders' customers and/or credit money for the propose of paying the Lenders' accounts receivable.

8. The Lenders fully complied with all material provisions of their contracts with PayMitco.

9. PayMitco's obligations under its contracts with the Lenders include the obligation to transfer funds generated through the Lenders' businesses to the Lenders. The contracts authorized a limited standard hold period of five (5) banking days before completing the transfers.

10. PayMitco breached its contracts with the Lenders and continues to do so by failing to transfer funds to the Lenders despite the expiration of the standard hold period.

11. The Lenders demanded on multiple occasions that PayMitco transfer the funds to the Lenders.

12. The Lenders provided final written notice to PayMitco – at the latest – on or about February 6, 2019 that the Lenders required transfer of the Lenders' funds still in the possession of PayMitco.

13. An amount not less than $620,163.35 of the Lenders' funds remains under the control of PayMitco beyond the standard hold period and in violation of the parties' contracts.

14. GVL, MLF and SCF assigned their claims against PayMitco arising from and related to the contracts with PayMitco to MSF.

## COUNT I
## BREACH OF EXPRESS CONTRACT

15. MSF incorporates by reference all other allegations as if fully set forth herein.

16. Each of the Lenders entered into a written contract with PayMitco.

17. The contracts were supported by consideration in that PayMitco agreed to provide services to the Lenders in exchange for the payment of fees to PayMitco by the Lenders.

18. The Lenders complied with all material provisions of the contracts including paying the requisite fees as required by PayMitco.

19. PayMitco breached each of the contracts with the Lenders by failing and continuing to fail to transfer the funds belonging to the Lenders.

20. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $620,163.35 as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, costs, and grant such further relief that the Court deems just and proper.

## COUNT II
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

21. MSF incorporates by reference all other allegations as if fully set forth herein.

22. Each of the Lenders entered into a written contract with PayMitco.

23. The contracts were supported by consideration in that PayMitco agreed to provide services to the Lenders in exchange for the payment of fees to PayMitco by the Lenders.

24. The Lenders complied with all material provisions of the contracts including paying the requisite fees as required by PayMitco.

25. PayMitco abuses any discretion it has under the contracts with the Lenders by failing and continuing to fail to transfer the Lenders' funds despite the expiration of the standard hold period.

26. PayMitco's unfair retention of the funds is a breach of the contracts' implied covenant of good faith and fair dealing by unfairly interfering with the Lenders' rights under the contracts.

27. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $620,163.35 as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, costs, and grant such further relief that the Court deems just and proper.

**COUNT III**
**MONEY HAD AND RECEIVED**

28. MSF incorporates by reference all other allegations as if fully set forth herein.

29. PayMitco received an amount not less than $620,163.35 from or on behalf of the Lenders intended to be used for the benefit of the Lenders.

30. PayMitco is not using that money for the benefit of the Lenders.

31. PayMitco has not returned the money to the Lenders.

32. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $620,163.35 as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

## COUNT IV
### UNJUST ENRICHMENT

33. MSF incorporates by reference all other allegations as if fully set forth herein.

34. Each of the Lenders provided a benefit to PayMitco by utilizing PayMitco's services and paying PayMitco fees.

35. PayMitco unjustly retained and continues to unjustly retain the Lenders' funds.

36. PayMitco has been and continues to be unjustly enriched by refusing to transfer to the Lenders their respective funds.

37. As a result, the Lenders have been damaged and continue to be damaged in an amount not less than the $620,163.35 as well as additional damages such as the lost use of the funds.

WHEREFORE, MSF requests that the Court enter judgment in favor of MSF, award MSF its damages, pre- and post-judgment interest, and costs, and grant such further relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

MSF demands a trial by jury on all issues so triable.

Dated: May 16, 2019    BUSBY ZAPPALA & SANCHEZ LLP


By: _/s/  Erin S. Sanchez_
    RALPH A. ZAPPALA
    ERIN S. SANCHEZ
Attorneys for Plaintiff
MOUNTAIN SUMMIT FINANCIAL, INC.